IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS A. LAZARDE, SR.<br>551 Linden Street<br>Reading, PA 19601<br><br>and<br><br>ABIGAIL LAZARDE<br>551 Linden Street<br>Reading, PA 19601<br><br>      v.<br><br>CITY OF READING<br>815 Washington Street<br>Reading, PA 19601<br><br>and<br><br>POLICE OFFICER CHRISTOPHER CORTAZZO<br>815 Washington Street<br>Reading, PA 19601<br><br>and<br><br>POLICE OFFICER ANGEL CABRERA<br>815 Washington Street<br>Reading, PA 19601<br><br>and<br><br>POLICE OFFICER JEFFREY REICHART<br>815 Washington Street<br>Reading, PA 19601<br><br>and<br><br>POLICE OFFICER RIKER<br>City of Reading<br>815 Washington Street<br>Reading, PA 19601 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

and                                                             :
                                                                :
JOHN DOE-1                                                      :
City of Reading                                                 :
815 Washington Street                                           :
Reading, PA 19601                                               :

## COMPLAINT IN CIVIL ACTION

1. This is an action seeking to redress wrongs committed against Plaintiff in violation of the rights guaranteed to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. Sections 1983, 1985 and 1986, as well as pursuant to the Pennsylvania Constitution and other state laws. The actions taken against Mr. Lazarde resulted in severe physical and emotional injury, monetary damage, distress, and also causing, but not limited to, humiliation, anxiety and other physical ailments and emotional damages. Defendants' conduct is so egregious and outrageous and intentional, that Plaintiff seeks punitive damages.

## JURISDICTION

2. This Court retains jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, 1343, and also retains supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Sec. 1367.

## PARTIES

3. Plaintiff, Luis A Lazarde, Sr., is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 551 Linden Street, Reading, PA 19601.

4. Plaintiff, Abigail Lazarde, lawfully married to Luis A. Lazarde, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 551 Linden Street, Reading, PA 19601.

5. Defendant, City of Reading, is alleged and therefore averred to be a municipal corporation, incorporated and existing under the laws of the Commonwealth of Pennsylvania and engaged in business of municipal government with a principal place of business located at 815 Washington Street, Reading, PA 19601.

6. Defendant, Christopher Cortazzo, is a police officer who at all times material hereto was in the employment of Defendant, City of Reading.

7. At all times relevant, Defendant, Christopher Cortazzo, had permission to operate a police motor vehicle owned by Defendant, City of Reading.

8. Defendant, Angel Cabrera, is a police officer who at all times material hereto was in the employment of Defendant, City of Reading.

9. Defendant, Jeffrey Reichart, is a police officer who at all times material hereto was in the employment of Defendant, City of Reading.

10. Defendant, Police Officer Riker, is a police officer who at all times material hereto was in the employment of Defendant, City of Reading.

11. Defendant, John Doe-1, is an adult individual who at all times material hereto was in the employment of Defendant, City of Reading and was present with other named police officer Defendants when Plaintiff was confined.

12. At all times material hereto, Defendant, City of Reading, acted by and through its duly authorized agents, workmen, police officers and/or employees who were acting within the

course and scope of their employment and authority and at the direction of the Defendant, City of Reading.

13.     At all times material hereto, Defendants, Christopher Cortazzo, Angel Cabrera, Jeffrey Reichart, Police Officer Riker and John Doe (1), were individuals pursuant to 42 U.S.C. Sections 1983, 1985 and 1986 and acted in their individual and/or official capacity.

14.     At all times material and relevant hereto, Defendants, Christopher Cortazzo, Angel Cabrera, Jeffrey Reichart, Police Officer Riker and John Doe (1), acted in concert and conspiracy with each other and Defendant, City of Reading, to assault and batter, falsely imprison, inflict emotional distress, inflict cruel and unusual punishment, invade the privacy of Plaintiff, Luis A. Lazarde, Sr., and otherwise deprive Plaintiff of rights, privileges and immunities guaranteed by the laws and Constitution of the Commonwealth of Pennsylvania and the U.S. Constitution while acting within the course and scope of their agency and/or employment.

15.     At all times material hereto, all Defendants were acting under the color of state law.

## FACTUAL ALLEGATIONS

16.     On or about October 6, 2008, Plaintiff, Luis A. Lazarde, Sr. was a pedestrian standing at or near the intersection of North 13th Street and Oley Street, Reading, PA, waiting for his sons to leave school when he began speaking with Police Officer Ivan Martinez about baseball.

17.     While Plaintiff, Luis A. Lazarde, Sr. was speaking with Police Officer Ivan Martinez about baseball, Defendant, Christopher Cortazzo, pulled up in a Reading Police

Department vehicle and yelled out to Plaintiff in a menacing tone of voice for no apparent purpose.

18.     Thereafter, Defendant, Christopher Cortazzo, drove to the end of Oley Street, performed a u-turn, and sat at the top of the hill in his police vehicle for about 5-10 minutes, looking down the hill at Plaintiff while he was speaking with Police Officer Martinez.

19.     Defendant, Christopher Cortazzo, then rapidly accelerated from his parked position at a high rate of speed directly toward Plaintiff, Luis A. Lazarde, Sr.

20.     As Plaintiff, Luis A. Lazarde, Sr., attempted to avoid the police vehicle being driven directly at him at a high rate of speed, Defendant, Christopher Cortazzo, while operating said vehicle struck him, ran over his foot, and threw him to the ground.

21.     This motor vehicle accident resulted solely from the negligence, carelessness and recklessness of the Defendants, Christopher Cortazzo and City of Reading, herein and was due in no manner to any act or failure to act on the part of the Plaintiff.

22.     As a result of the aforesaid accident, the Plaintiff, Luis A. Lazarde, Sr., has suffered injuries which are serious and permanent in nature, including, but not limited to: disc herniations at L4-5 and L5-S1; annular tears in the low back; low back sprain and sprain; lumbar radiculitis; crush injury right foot and lower extremity; aggravation of pre-existing DJD right hip; cervical sprain and strain; bilateral L4 and L5 radiculopathy; post-traumatic anxiety and depression; severe damage to his nerves and nervous system, and various other ills and injuries which the Plaintiff yet suffers and may continue to suffer for an indefinite time into the future.

23.     As a further result of the aforesaid accident, Plaintiff, Luis A. Lazarde, Sr., has been obliged to receive and undergo medical attention and care and to incur various and diverse

expenses, all of which have or may exceed the sum and value recoverable under 75 Pa. C.S.A. Section 1711 and which the Plaintiff may continue to expend and incur for an indefinite time into the future.

24. As a further result of the aforesaid accident, Plaintiff, Luis A. Lazarde, Sr., has or may suffer a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future and exceed the sums and value recoverable under 75 Pa. C.S.A. § 1711.

25. As a further result of the aforesaid accident, Plaintiff, Luis A. Lazarde, Sr., has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

26. As a further result of the aforesaid accident, Plaintiff, Luis A. Lazarde, Sr., has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

27. On or about December 5, 2008, Plaintiff, Luis A. Lazarde, Sr. was called to the police station by Police Officer Riker, who informed Plaintiff that they needed to ask him questions but had no reason to believe Plaintiff was engaged in any unlawful activity whatsoever.

28. At the police station, Plaintiff, Luis A. Lazarde, Sr. learned that he was being questioned about the above motor vehicle incident that occurred about two (2) months earlier.

29. Plaintiff was screamed at and verbally abused by Defendants stating "You used to be a cop, why are you trying to get Christopher Cortazzo fired? He takes more guns off the street."

30. Police Officer Angel Cabrera grabbed Plaintiff, Luis A. Lazarde, Sr., threw him against the wall, headbutted him, spit in his face, violently and severely struck him and otherwise intentionally injured him in his head, neck and torso.

31. Even after Plaintiff reported to Defendants the assault, battery, false imprisonment and injuries he suffered, Defendants, City of Reading, Christopher Cortazzo, Angel Cabrera, Jeffrey Reichart, Police Officer Riker and John Doe (1), as described in detail below, intentionally and with intent to deprive Plaintiff of his constitutionally protected rights, acted in a course of conduct to fail to report, investigate, and cover-up the above incidents.

32. Plaintiff was never accused of any crime, violation of State, Municipal or County law or ordinance or other legal infraction.

33. Defendants, City of Reading, Christopher Cortazzo, Angel Cabrera, Jeffrey Reichart, Police Officer Riker and John Doe (1), had no probable cause to believe that Plaintiff participated in any illegal activity.

## COUNT I
## VIOLATION OF 42 U.S.C.A. SECTION 1983, AND IV AMENDMENT
## LUIS A. LAZARDE, SR. v. ALL DEFENDANTS

34. Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as though each were set forth at length herein.

35. At all times material hereto, Plaintiff possessed a constitutional right to be secure in his person. As a result of the actions taken against Plaintiff by Defendants, Plaintiff's rights pursuant to the Fourth Amendment to the United States Constitution, as secured by 42 U.S.C. Sections 1983, 1985 and 1986 were violated.

36. At all times material hereto, Plaintiff possessed a constitutional right to not be denied his personal right to life and liberty. As a result of the actions taken against Plaintiff by Defendants, Plaintiff's rights pursuant to the Fifth Amendment to the United States Constitution, as secured by 42 U.S.C. Section 1983 were violated.

37. At all times material hereto, Plaintiff possessed a constitutional right to not be subject to cruel and unusual punishment. As a result of the actions taken against Plaintiff by Defendants, Plaintiff's rights pursuant to the Eighth Amendment to the United States Constitution, as secured by 42 U.S.C. Sections 1983, 1985 and 1986 were violated.

38. At all times material hereto, Plaintiff possessed a constitutional right to preserve the security of his person and to equal protection of the laws which was, and is, protected by the Fourteenth Amendment to the Constitution of the United States. As a result of the actions taken against Plaintiff by Defendants, Plaintiff's rights pursuant to the Fourteenth Amendment to the United States Constitution, as secured by 42 U.S.C. Sections 1983, 1985 and 1986 were violated.

39. At all times material hereto, all Defendants acted in concert and deliberate indifference to Plaintiff's rights to be free from unnecessary and excessive force.

40. The City of Reading failed to adequately and properly train, supervise and properly instruct its officers, Defendants, Christopher Cortazzo, Angel Cabrera, Jeffrey Reichart, Police Officer Riker and John Doe-1, in the use of force in interrogating detained persons.

**WHEREFORE** it is respectfully requested that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and/or severally, in an amount in excess of $150,000.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA CONSTITUTION
## ASSAULT AND BATTERY
## LUIS A. LAZARDE, SR. v. ALL DEFENDANTS

41. Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as though each were set forth at length herein.

42. The acts of the individual defendants in their individual capacities is this cause of action constitutes assault, battery, invasion of privacy, intentional and/or negligent infliction of emotional distress, pursuant to the laws of the Commonwealth of Pennsylvania.

43. Such assault includes but is not limited to the physical striking of Plaintiff with the motor vehicle on October 6, 2008.

44. Such assault also includes the beating, headbutting, spitting and striking of Plaintiff on December 8, 2008.

45. Defendants' conduct as above-described violates Plaintiff's rights under Article I of the Pennsylvania Constitution, and the laws of the Commonwealth of Pennsylvania.

46. By and through its actions as set forth *supra* in this Complaint, Defendants acted in a negligent, intentional, wanton, careless, reckless, and/or unreasonable manner, causing harm to Plaintiff.

47. As a result of the above-described wanton, negligent, careless, reckless and unreasonable actions of Defendants, Plaintiff was caused to suffer extreme physical and emotional distress, loss of sleep, injury to professional development, emotional well-being, humiliation, physical and mental pain and suffering, and monetary loss.

**WHEREFORE** it is respectfully requested that judgment be entered in favor of the Plaintiff, Luis A. Lazarde, Sr. and against all the Defendants, jointly and/or severally, in an amount in excess of $150,000.

### COUNT III
### FALSE IMPRISONMENT
### LUIS A. LAZARDE, SR. v. ALL DEFENDANTS

48. Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as though each were set forth at length herein.

49. Defendants did not have any probable cause to detain Plaintiff, interrogate him, and beat him at the police station.

50. At no time while Plaintiff was in custody did he threaten or intimidate Defendants' safety in any form.

51. Plaintiff was detained and imprisoned against his will.

**WHEREFORE** it is respectfully requested that judgment be entered in favor of the Plaintiff, Luis A. Lazarde, Sr. and against all the Defendants, jointly and/or severally, in an amount in excess of $150,000.

### COUNT IV
### INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### LUIS A. LAZARDE, SR. v. ALL DEFENDANTS

52. Plaintiffs hereby incorporate paragraphs 1 through 51 as if the same were herein fully set forth at length.

53. By and through Defendants' actions as set forth *supra* in this Complaint, Defendant acted in an intentional, negligent and unreasonable manner, causing harm to Plaintiff.

54. As a result of Defendants' actions as above-described, Plaintiff suffered severe anxiety, severe emotional, mental and psychological distress.

55. As a further result of Defendants' actions as above-described, Plaintiff has been forced to expend various sums of money to cure himself of his injuries.

56. As a direct and/or proximate result of the Defendant's intentional and negligent conduct, Plaintiff suffered and continues to suffer severe emotional and physical distress, including but not limited to mental anguish, anxiety, loss of sleep, injury to personal development, emotional well-being, humiliation, mental pain and suffering which required him to seek medical attention.

**WHEREFORE** it is respectfully requested that judgment be entered in favor of the Plaintiff, Luis A. Lazarde, Sr. and against all the Defendants, jointly and/or severally, in an amount in excess of $150,000.

## COUNT V
## NEGLIGENCE
## LUIS A. LAZARDE, SR. v. CHRISTOPHER CORTAZZO AND CITY OF READING

57. Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as though each were set forth at length herein.

58. The negligence, carelessness and recklessness of the Defendants, Christopher Cortazzo and City of Reading, consists of, but is not limited to, the following:

    a. failure to properly operate and control the motor vehicle so that it would not become a hazard to person situated such as the Plaintiff;

    b. failure to apply the brakes to avoid an accident;

    c. failure to yield the right of way to a pedestrian;

      d.    failure to keep a proper lookout;

      e.    failure to stop for a pedestrian;

      f.    failure slow down for a pedestrian after he was in sight;

      g.    operation of the vehicle at an excessive rate of speed under the circumstances;

      h.    operation of the vehicle in violation of the laws of the City of Reading and the Commonwealth of Pennsylvania governing the operation of motor vehicles on the streets and highways;

      i.    such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case.

59. The negligence, carelessness and recklessness of the Defendants, Christopher Cortazzo and City of Reading, as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

**WHEREFORE**, Plaintiff, Luis A. Lazarde, Sr., demands judgment against the Defendant, Christopher Cortazzo and City of Reading, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT VI**
**PUNITIVE DAMAGES**
**LUIS A. LAZARDE, SR. V. ALL DEFENDANTS**

66. Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as though each were set forth at length herein.

67. Defendants' conduct in depriving Plaintiff of his rights, as set forth above constitutes egregious, outrageous, willful, and wanton conduct with intent to act in disregard of Plaintiff's rights.

68. As a direct result of Defendants' actions as above-described, Plaintiff is entitled to punitive damages.

**WHEREFORE,** it is respectfully requested that judgment be entered in favor of the Plaintiff, Luis A. Lazarde, Sr. and against the Defendants, jointly and/or severally, in an amount in excess of $150,000.

## COUNT VII
## ABIGAIL LAZARDE v. ALL DEFENDANTS

69. Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as though each were set forth at length herein.

70. At all times relevant hereto, Plaintiff, Abigail Lazarde, is the wife of Plaintiff, Luis A. Lazarde, Sr.

71. As a result of the injuries suffered by her husband, the Plaintiff, Abigail Lazarde, has and will in the future suffer the loss and deprivation of the usual services, society and consortium of her husband and has been required to provide specials services and care to him.

**WHEREFORE,** it is respectfully requested that judgment be entered in favor of the Plaintiff, Abigail Lazarde, and against the Defendants, jointly and/or severally, in an amount in excess of $150,000.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial in this matter.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiffs, Luis A. Lazarde, Sr. and Abigail Lazarde, respectfully pray that this Court award the following relief:

1. Exercise jurisdiction over this matter;

2. Award Plaintiff damages, with statutory interest, that are necessary and proper to compensate him for his injuries and damages;

3. Award Plaintiff punitive damages;

4. Award Plaintiff his reasonable attorney fees and costs: and,

5. Grant such other relief as the Court deems just, proper and equitable;

all of which is in excess of $150,000.00.

Respectfully submitted,

**ADAMS RENZI LAW**

BY:  /s/Christy Adams        ca6226
CHRISTY ADAMS, ESQUIRE
Attorney I.D. No. 74390
1429 Walnut Street, 14th Floor
Philadelphia, PA 19102
(215) 546-4208
Attorney for Plaintiff(s)

## **VERIFICATION**

The undersigned states that he/she is the Plaintiff herein, that he/she is acquainted with the facts set forth in the foregoing pleading, that the same are true and correct to the best of his/her information, knowledge and belief and that this statement is made subject to the penalties of 18 Pa C.S.A. Section 4904, relating to unsworn falsification to authorities.

*[Signature]*

LUIS A Lazarde, SR.